Order Form (01/2005)

## United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Wayne R. Anderson | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 3071 | DATE | August 28, 2008 |
| CASE TITLE | Charles Smith (R-59154) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [7] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $17.48 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Vandalia Correctional Center. The Clerk shall issue summonses and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Cook County Jail is dismissed from this action.

Docketing to mail notices.

■ [For further details see text below.]

### STATEMENT

Plaintiff, Charles Smith, presently an inmate at Vandalia Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his constitutional rights by conducting a strip search and x-ray while he was a pretrial detainee at Cook County Jail.

Plaintiff's petition for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $17.48. The trust fund officer at Plaintiff's place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this order to the trust fund officer at the Vandalia Correctional Center.

Plaintiff asks leave to file this action seeking damages against Cook County Jail, Thomas Dart, and unknown correctional officers. Cook County Jail is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304 (7th Cir. 1993). Accordingly, Cook County Jail is dismissed from this action.

| | JJD |
|---|---|

**STATEMENT (continued)**

      The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.